UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Habeeb Abdul Malik, #231677, | ) | C/A No. 8:07-387-RBH |
| a/k/a Ron Tearia Nicholas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Jon E. Ozmint, Director of SCDC; | ) | |
| Janice Phillips, Health Care Authority, | ) | |
| SCDC; Eileen Delaney, | ) | |
| Nurse Practitioner III, SCDC; | ) | |
| Vaughn Jackson, Major, SCDC; | ) | |
| FNU Thomas, Food Service Coordinator, | ) | |
| SCDC; all sued in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Habeeb Abdul Malik, is an inmate of the South Carolina Department of Corrections, housed in Kirkland Correctional Institution. Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights under the First and Eighth Amendments were violated.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. This matter is before the court on defendant's motion for summary judgment filed August 22, 2007. By order filed August 23, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion for summary judgment on September 26, 2007. On February 14, 2008, United States Magistrate Bruce H. Hendricks issued a Report and

1

Recommendation analyzing the issues. Both parties filed objections to the report and recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### **Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

## Discussion

**Deliberate Indifference to Medical Needs**

Plaintiff has alleged that the defendants were deliberately indifferent to his hemorrhoids and constipation. Defendants object to the Magistrate's finding that Plaintiff has sufficiently satisfied the objective part of his claim, that he has shown a serious medical need. The plaintiff objects to the Magistrate Judge's finding that he has failed to show the subjective part of the claim, deliberate indifference by the defendant to his medical needs.

In the case of *Estelle v. Gamble*, 429 U.S. 91 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id*. quoting *Gregg v. Georgia*, 428 U.S. 153, 169-173 (1976). The Court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and

> wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-1005 (Footnotes and internal citation omitted). Despite finding that "deliberate indifference to serious medical needs" was violative of a constitutionally protected right, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit Court of Appeals has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851 (internal citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*; *supra*; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

In order to establish a prima facie case under the Eighth Amendment, plaintiff must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment." *Brice v.*

4

*Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995).  "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'"  *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (*quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Further, incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983.  *Estelle*, *supra*.  Negligence, in general, is not actionable under 42 U.S.C. § 1983.  *See Davidson v. Cannon*, 74 U.S. 344, 345-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Pink v. Lester*, 52 F.3d 73, 38 (4th Cir. 1995) (*applying Daniels v. Williams and Ruefly v. London*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct."); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987).

Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200-03 (1989).  Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983.  *Estelle, supra*, at 106.  "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."  *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).  Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary.  *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994).  Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation.  *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan 1986).

Under the above standards, the Court agrees with the Magistrate Judge that the plaintiff has shown a serious medical need. The affidavit of Dr. Glenn Alewine, submitted by the defendants, indicates that the plaintiff "received a gastrointestinal consult and colonoscopy and was diagnosed with internal hemorrhoids." (Docket Entry #30-7). However, Plaintiff has failed to carry his burden of showing a disputed issue of material fact as to subjective deliberate indifference by the defendants to his medical needs. The medical attention Plaintiff received is well documented, which undercuts the claim that any defendant was deliberately indifferent to his needs. The proper inquiry in an Eighth Amendment medical indifference case is whether the prison officials disregarded a serious medical condition; the plaintiff's agreement or disagreement with the treatment is irrelevant. *Lamb*, 633 F. Supp. at 353. Therefore, although the plaintiff contends in his objections that he needed surgery, the medical records do not appear to support such a claim, much less do they support a claim of constitutional dimension which requires not mere negligence but deliberate indifference.

**RLUIPA Claim Regarding Kufi Hat**

Plaintiff has brought a RLUIPA claim based on the fact that he is not allowed to wear his kufi during the one-hour each day that he is outside his cell. The Magistrate Judge recommended a finding that the plaintiff has failed to exhaust this claim and that it should be dismissed without prejudice. In the alternative, she recommends a finding that a genuine issue of material fact exists as to whether the defendants are using the least restrictive means of furthering the compelling governmental interest of security.

Plaintiff objects to the recommendation that he has failed to exhaust this claim and defendants object on grounds that the Plaintiff has not shown that its policy imposes a substantial burden on the plaintiff's exercise of his religion as required by RLUIPA.

The Court agrees that the plaintiff has failed to properly exhaust this claim. Grievance # MSU0091 dated June 12, 2006 (attached to the affidavit of James Simmons, docket entry #30-3) complains of discrimination against Muslims in that they are not allowed to wear their Kufi religious headgear outside their cells, while other prisoners are allowed to wear hats and caps outside. The grievance was returned to Plaintiff unprocessed because he provided no date for the incident. It also references PS-10.05, "Inmate Religion", paragraph 11.7: "religious items can be used only in the room; they cannot, for example, be taken to the exercise yard." Plaintiff signed the form, stating that he accepted the action taken and considered the claim closed. Although the plaintiff may be correct that no specific date was required on matters relating to policy and not to a specific incident, he never filed another grievance regarding the matter; nor did he pursue a Step Two grievance or any other institutional appeal regarding the issue. Therefore, the Court finds that he did not properly exhaust this claim. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Therefore, it is not necessary to address the merits of this issue or the defendants' remaining objections.[1]

Plaintiff indicates at page 11 of his objections that he is not responding to "claims III and V", which are the retaliation claim under the First Amendment and the RLUIPA meal claim. Therefore, the recommendation by the Magistrate Judge that summary judgment should be granted on those claims is accepted without objection by the plaintiff and it is not necessary to address the defendant's

---

[1] However, the Court notes that the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities for money damages, but suits which seek prospective injunctive relief may be allowed. *See Lovelace v. Lee*, 472 F.3d 174, 193 (4th Cir. 2006). District courts are split on the question whether RLUIPA allows money damages in suits against state officials in their individual capacities. *Id.*, note 7.

objections regarding these claims.[2]

## Conclusion

After a review of the case law and record before it, the court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein as modified, and overrules the objections by the plaintiff and the defendant as explained herein. For the reasons stated therein and in this order, defendant's motion for summary judgment is **GRANTED**. The plaintiff's claim based on RLUIPA regarding the Kufi hat is dismissed without prejudice for failure to exhaust.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

March 13, 2008
Florence, SC

---

[2] Regardless, the record indicates that the plaintiff's grievance regarding a high fiber diet was resolved.